UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------------- X
Neel Ahluwalia,

                                     Plaintiff,     MEMORANDUM AND ORDER
         -against-                                Case No. 08-0473 (TLM)

Cumberland Farms, Inc.,

                                     Defendant,
--------------------------------------------------------------- X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court are plaintiff's Motion in Limine to exclude evidence relating to plaintiff's *ad damnum* clause [Rec. Doc. 47] and defendant's Memorandum in Opposition thereto [Rec. Doc. 52], and defendant's Motion in Limine to exclude evidence relating to an alleged power outage [Rec. Doc. 48] and plaintiff's Memorandum in Opposition thereto [Rec. Doc. 51]. For the reasons that follow, plaintiff's Motion [Rec. Doc. 47] will be GRANTED and defendant's Motion [Rec. Doc. 48] will be DENIED.

**I.**    **Background**

On April 15, 2007, plaintiff Neel Ahluwalia was in defendant's Cumberland Farms convenience store. Plaintiff alleges that at some point earlier in the day ice and water accumulated on the floor in the area of the ice and soda machine as a result of a power outage, that defendants were aware of the ice and water, and that he slipped and fell as a result of the ice and water, injuring himself.

**II.**    **Plaintiff's Motion**

Plaintiff moves to prohibit defense counsel from presenting the *ad damnum* clause contained in his amended complaint as impeachment evidence. Counsel for the parties urge conflicting interpretations of *Carchidi v. Rodenhiser*, 209 Conn. 526 (1989) and Connecticut General Statutes

1

§ 52-216b, the statute that partially supersedes it. But both *Carchidi* and C.G.S.A. § 52-216b deal with whether an attorney is permitted to argue in support of an amount of damages or a formula for calculating damages, and not with whether an attorney may use the demand contained in plaintiff's complaint for impeachment purposes. Such a proposed use of an *ad damnum* clause is far beyond the scope of C.G.S.A. § 52-216b or *Carchidi* and its progeny, and is governed by the ordinary principles of its relevance and whether "its probative value is substantially outweighed by the danger of unfair prejudice," etc., *see* Fed. R. Evid. 401-403.

The Court, while not bound thereby, chooses to follow § 16-19 of the Connecticut Superior Court Civil Rules, which states plainly that "[i]n any action seeking damages for injury to the person, the amount demanded in the complaint shall not be disclosed to the jury." Therefore, plaintiff's Motion is granted, and defense counsel may not introduce plaintiff's complaint to the jury without redacting the *ad damnum* clause, and may not otherwise mention the *ad damnum* clause for the purposes of impeaching plaintiff.[1]

### III.    Defendant's Motion

Defendant moves to exclude plaintiff's Exhibit B, a report of an alleged power outage at the store, and lay witness testimony of the store's employees pertaining to the alleged power outage. The Court's analysis is governed by principles of relevance, probative value, and the danger of unfair prejudice, as discussed above, as well as Fed. R. Evid. 701, which provides that lay persons may provide opinions "which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and

---

[1]To be sure, if counsel for either party chooses to make a suggestion to the jury during closing arguments as to the amount of damages to be awarded or the formula to be used in calculating that amount, with no reference to the amount demanded in the complaint, then he or she will be allowed to do so, *see* C.G.S.A. § 52-216b.

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Exhibit B contains the power provider's official timeline of when the power outage occurred and when power was restored; information that may assist the jury in determining what happened in defendant's store on the day in question, which the jury will be called upon to do in order to assess defendant's liability.  There is no danger of unfair prejudice, as members of the jury will be capable of giving the information its proper weight and integrating it with the other evidence presented about the day's events.

Similarly, the testimony of store employees who have personal knowledge of the circumstances of the alleged power outage will also assist the jury in determining what happened that day and assessing defendant's liability.  These lay witnesses will not be summoning any scientific or technical expertise, but rather simply testifying that they witnessed the machine leaking at some point after the power outage.  Therefore, Exhibit B and the testimony of lay witnesses who have personal knowledge of the events in defendant's store on the day in question are admissible under Fed. R. Evid. 401-403 and 701, and may be introduced.

**IV.    Conclusion**

For the foregoing reasons, it is **ORDERED** that plaintiff's Motion in Limine to preclude defense counsel from presenting the *ad damnum* clause as impeachment evidence [Rec. Doc. 47] is GRANTED, and defendant's Motion in Limine to suppress evidence pertaining to the alleged power outage [Rec. Doc. 48] is DENIED.

**SO ORDERED.**

                                                          Tucker L. Melançon
                                                          United States District Judge

May 14, 2010
Bridgeport, CT